May Term, 1846.

M'Culloch
v.
M'Culloch.

---

## M'Culloch v. M'Culloch.

To authorize a divorce under the R. S. 1843, there must be satisfactory proof, independently of the confession of the defendant, of the alleged charge.

APPEAL from the *Jefferson* Circuit Court.

PERKINS, J.—Bill by the wife against the husband for a divorce, alleging cruel treatment. The cause was submitted on bill, answer, and testimony, and the divorce granted.

May Term,
1846.

M'CULLOCH
v.
M'CULLOCH.

Friday,
May 29.

The error insisted on in this decree is, that it was rendered upon insufficient proof. The record states that there was no evidence of the existence of the causes assigned for the divorce, except the confessions of the defendant coupled with the fact that the parties then were, and had been since the preceding *May*, separated. The cause was heard in *October*.

The correctness of this decree must depend upon the view taken of sect. 37, chapt. 35, R. S. 1843, which enacts that "No sentence of nullity of a marriage shall be pronounced solely on the declarations or confessions of the parties; but the Court shall, in all cases, require other satisfactory evidence of the existence of the facts on which the allegation of nullity is founded." This section contains two distinct clauses, the second limiting and defining the first. By the first clause it is declared that there shall be testimony, in addition to the confessions of the party, to the facts alleged, before a divorce shall be granted, without specifying the amount of such additional testimony. By the second clause, it is declared the additional testimony shall of itself amount to "satisfactory evidence." It will not be contended that the simple fact of these parties having lived apart from *May* to *October*, constitutes "satisfactory evidence of the existence of the facts" of cruel usage charged in the complainant's bill. If, then, we are governed by the plain letter of the law, we can but regard this decree as clearly unauthorized.

We are not informed of the grounds upon which the Court below placed their decision. The object of the statute being to prevent collusion on the one hand and extorted testimony on the other, the Court, being satisfied that neither of these existed in this case, may have felt at liberty to give to the confessions of the party the weight of evidence, and thus "take the case out of the statute." Upon this class of cases, we are not of opinion that such a discretion in the Court is compatible with sound policy or the intention of the legislature. Indeed, it would seem to have been the chief design of

the enactment in question to take away that discretion; for without the enactment, had it appeared to the Court that the confessions were in evidence by collusion or any undue means, no weight would have attached to them. The statute, then, must go further. It was evidently the intention of the legislature to prohibit divorces except for legal cause, and as the motives and influences under which parties act in attempting to obtain them, are difficult of detection by the Court, it is enacted that, in "all cases," they shall produce satisfactory proof aside from their own declarations, thus cutting off all chance of imposition in the obtainment of these decrees. This statute of ours but enacts the canon law rule of evidence upon this question; and the view taken corresponds with the practice in *England* under that law, and also in the several states in this Union in whose Courts the same rule of evidence has, by different modes, been adopted. 1 Blacks. 441.—2 Kent, 98.—*Baxter* v. *Baxter*, 1 Mass. 346.— *Holland* v. *Holland*, 2 *id*. 154.—*Betts* v. *Betts*, 1 Johns. Ch. R. 197.

*Per Curiam.*—The decree is reversed. Cause remanded, &c.

*M. G. Bright*, for the appellant.

*M. C. Eggleston*, for the appellee.